UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE, COMPANY, : : : : Plaintiff, : : v. : : EMILY C. COASSIN and THOMAS GIBNEY : : Defendants. : : | CIVIL ACTION NO. 3:13cv1520(JBA) JANUARY 31, 2014 |

## ANSWER AND COUNTERCLAIMS

Defendants Emily C. Coassin and Thomas Gibney, as Co-Trustees of the Lawrence P. Coassin Irrevocable Trust dated 06/23/1999 (the "Trustees"), for their answer and counterclaims to Plaintiff Principal National Life Insurance Company's ("Principal Life") Amended Complaint for Rescission and Declaration of Rights dated November 22, 2013 state:

## ANSWER

1. The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and leave Principal Life to its proof.

2. The Trustees admit the allegations contained in Paragraph 2.

3. The Trustees admit the allegations contained in Paragraph 3.

4. The Trustees admit the allegations contained in the first sentence of Paragraph 4. The Trustees deny that everything in Exhibit 1 is part of the Policy.

5. The Trustees admit the allegations contained in Paragraph 5.

6. The Trustees admit that on or about April 9, 2012 Lawrence P. Coassin ("Coassin"), as the proposed insured under the Policy, completed an application for term life insurance with Principal Life, which application included a medical questionnaire. The other allegations contained in Paragraph 6 do not require a response.

7. The Trustees admit the allegations contained in Paragraph 7.

8. The Trustees admit the allegations contained in Paragraph 8.

9. The Trustees admit that Coassin provided answers to Part B, Questions 18(a)-(j) as well as narrative explanations. The remaining allegations contained in Paragraph 9 do not require a response.

10. The Trustees admit the allegations contained in Paragraph 10.

11. The Trustees admit that Coassin provided answers to Part B, Question 22, as well as a narrative explanation. The remaining allegations contained in Paragraph 11 do not require a response.

12. The Trustees admit that the language quoted from the application set forth in Paragraph 12 was contained in the application signed by Hadden and Coassin. The Trustees deny each and every other allegation contained in Paragraph 12.

13. The Trustees admit the allegations contained in Paragraph 13.

14. The Trustees admit that on April 25, 2012, J.C. David Hadden, acting as the policy owner, and Coassin, as the insured, signed an Amendment to the Application, which contained a statement pertaining to the nature and resolution of certain medical

symptoms and the need for further medical attention.  The remaining allegations contained in Paragraph 14 do not require a response.

15. The Trustees admit that the Amendment to the Application contained the language quoted in Paragraph 15 but deny each and every other allegation contained in Paragraph 15.

16. The Trustees admit the allegations contained in Paragraph 16.

17. The Trustees admit that the language quoted in Paragraph 17 of the Supplemental Statement was contained in the Supplemental Statement but deny each and every other allegation contained in Paragraph 17.

18. The Trustees admit the allegations contained in Paragraph 18.

19. The Trustees admit the allegations contained in Paragraph 19.

20. The Trustees admit the allegations contained in Paragraph 20.

21. The Trustees admit the allegations contained in Paragraph 21.

22. The Trustees admit that Coassin died within the two year contestability period.  The Trustees lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 22 and leave Principal Life to its proof.

23. The Trustees admit that Coassin had consulted with a member of the medical profession eight days before he signed the Amendment to the Application and the Supplemental Statement.  The Trustees further admit that that physician ordered certain testing, which Coassin completed.  The Trustees deny each and every other allegation contained in Paragraph 23.

24.     The Trustees admit that Coassin did not disclose his consultation with a member of the medical profession eight days before he signed the Amendment to the Application and the Supplemental Statement.  The Trustees deny each and every other allegation contained in Paragraph 24.

25.     The Trustees deny the allegations contained in Paragraph 25.

26.     The Trustees admit that Coassin had consulted with a member of the medical profession since the date of the Application.  The Trustees deny each and every other allegation contained in Paragraph 26.

27.     The Trustees deny the allegations contained in Paragraph 27.

28.     The Trustees deny the allegations contained in Paragraph 28.

29.     The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and leave Principal Life to its proof.

30.     The Trustees admit that the Trustees received a letter from Principal Life dated October 16, 2013, which letter is attached to the Amended Complaint as Exhibit 2.  The Trustees deny each and every other allegation contained in Paragraph 30.

31.     The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and leave Principal Life to its proof.

COUNT ONE – Rescission

32.     The Trustees incorporate their responses to Paragraphs 1-31 of the Amended Complaint as their response to Paragraph 32 as if fully restated therein.

33.     The Trustees admit that the Application contains the language that "Principal Life has the right to void the coverage due to a material misstatement or

omission in the application." The Trustees deny each and every other allegation contained in Paragraph 33.

34. The Trustees admit that Coassin did not state on the Amendment to the Application that he had seen a medical professional on April 17, 2012. The Trustees deny each and every other allegation contained in Paragraph 34.

35. The Trustees deny the allegations contained in Paragraph 35.

36. The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and leave Principal Life to its proof.

37. The Trustees deny the allegations contained in Paragraph 37.

38. The Trustees admit that, as of November 22, 2013, the coverage under the Policy had not been in effect for two years. The Trustees deny each and every other allegation contained in Paragraph 38.

39. The Trustees deny the allegations contained in Paragraph 39.

40. The Trustees deny the allegation contained in Paragraph 40.

COUNT TWO – Declaratory Judgment

41. The Trustees incorporate their responses to the allegations contained in Paragraphs 1 through 31 of the Amended Complaint as their response to Paragraph 41 as if fully restated therein.

42. The allegation in Paragraph 42 does not require a response.

43. The Trustees admit the allegations contained in Paragraph 43.

44. The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and leave Principal Life to its proof.

45.     The Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and leave Principal Life to its proof.

46.     The Trustees admit that they dispute the allegations contained in Paragraphs 44 and 45 of the Amended Complaint and that the Trustees contend that the Policy is and has been in full force and effect since its inception.

47.     The Trustees admit that a declaration is necessary and appropriate at this time in order for all parties to this legal action to ascertain whether the Policy is valid and, if so, what rights and obligations each of the parties to this legal action has under it.

## COUNTERCLAIM

COUNT ONE – Declaratory Judgment (28 U.S.C. § 2201)

1.      Upon the filing of this action and as of the date hereof, Emily C. Coassin, Co-Trustee of the Lawrence P. Coassin Irrevocable Trust dated 06/23/1999, was a citizen of the State of Connecticut and a resident of Hamden, Connecticut.

2.      Upon the filing of this action and as of the date hereof, Thomas Gibney, Co-Trustee of the Lawrence P. Coassin Irrevocable Trust dated 06/23/1999, was a citizen of the State of Connecticut and a resident of Orange, Connecticut.  (Emily C. Coassin and Thomas Gibney are collectively referred to as the "Trustees".)

3.      Upon information and belief, Principal Life is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and engaged generally in the business of issuing life insurance policies.

4.      Upon further information and belief, Principal Life is licensed to issue policies in, among others, the State of Connecticut.

5.	The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6.	This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and venue in this district is proper pursuant to 28 U.S.C. § 1391.

7.	Effective February 22, 2012, Principal Life issued an insurance policy on the life of Lawrence P. Coassin in the face amount of Ten Million Dollars ($10,000,000), Policy No. 470113 (the "Policy").

8.	Lawrence P. Coassin died on or about July 8, 2013.

9.	At the time of Mr. Coassin's death, the Lawrence P. Coassin Irrevocable Trust dated 06/23/1999 (the "Trust") was the primary beneficiary of the Policy. As of the date of Mr. Coassin's death, his wife, Emily C. Coassin, became the Trustee of the Trust.

10.	On or about July 13, 2013, pursuant to the terms of the Trust, Emily C. Coassin named Thomas Gibney as a Co-Trustee of the Trust.

11.	The Trustees have demanded payment of the sums due under the Policy, but as of the date hereof, Principal Life has not paid such sums to the Trust.

12.	In light of the above, the Trustees hereby request this Court to declare the Trustees' and the Trust's rights under the Policy.

COUNT TWO – Breach of Contract

1-12.	Paragraphs 1 through 12 of Count One of this Counterclaim are hereby incorporated by reference as Paragraphs 1 through 12 of this Count Two of the Counterclaim as if fully set forth herein.

13.	Principal Life's conduct as aforesaid constitutes a breach of the Policy.

14. Principal Life's breach of the Policy has caused the Trustees and the Trust to suffer damages, for which damages Principal Life is liable.

WHEREFORE, the Trustees seek judgment against Principal Life as follows:

1. A judgment (a) declaring that the Trust is entitled to the proceeds of the Policy, and (b) ordering Principal Life to pay the Trust the proceeds of said Policy;

2. Compensatory damages;

3. Interest and costs; and

4. Such other and further relief as the Court may deem just and proper.

>DEFENDANTS AND COUNTERCLAIM
>PLAINTIFFS EMILY C. COASSIN AND
>THOMAS GIBNEY AS TRUSTEES
>OF THE LAWRENCE P. COASSIN
>IRREVOCABLE TRUST DATED 06/23/1999
>
>By: *s/David R. Schaefer*
>David R. Schaefer (ct04334)
>BRENNER, SALTZMAN & WALLMAN LLP
>Their Attorneys
>271 Whitney Avenue
>New Haven, CT  06511
>Tel. (203) 772-2600
>Fax: (203) 562-2098
>Email:  dschaefer@bswlaw.com

m:\docs\06945\004\ca3757.doc

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014 copy of the foregoing Answer and Counterclaims was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/*David R. Schaefer*
David R. Schaefer (ct04334)