ELECTRONIC RULING ON DEFENDANTS' MOTION TO COMPEL ATTENDANCE OF WITNESSES IN CONNECTICUT, FILED 10/21/14 (Dkt. #37) IN PRINCIPAL NATIONAL LIFE INS. CO. V. EMILY C. COASSIN ET AL., 13 CV 1520 (JBA)

12/1/14 – Under the current Scheduling Order, filed October 17, 2014 (Dkt. #35), all discovery is to be completed by December 31, 2014, and dispositive motions are to be filed by that same day.

On October 21, 2014, defendants filed the pending Motion to Compel Attendance of Witnesses in Connecticut (Dkt. #37), as to which plaintiff filed its brief and affidavits in opposition on November 11, 2014.  (Dkt. #41[1]; see also Dkts. ##38, 40).  On October 31, 2014, U.S. District Judge Janet Bond Arterton referred the motion to this Magistrate Judge.  (Dkt. #39).

This motion concerns defendants' attempts to depose two of plaintiff's employees – Cindy Semprini, Care Manager, Senior Individual Life Division and Nathan Berns, Senior Underwriting Consultant – in Connecticut; plaintiff already has agreed that its Rule 30(b)(6) witness, as well as Michelle Palmer, Regional Chief Underwriter, who lives in this state, will be deposed in Connecticut. (Dkt. #37, at 3; Dkt. #41, at 1-2, 4-5).

The parties do not dispute that "[a]s a general rule," "absent [a] showing of substantial hardship," a corporate plaintiff which "brings suit in a particular forum may not avoid [having its "managing agents"] appear[] for examination in that forum."  Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930 (RMB)(THK), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002)(multiple citations omitted). (See Dkt. #37, at 3-6 (multiple citations); Dkt. #41, at 3-5 (multiple citations)).  However, as the declarations of Berns and Semprini indicate, they both reside in Iowa, they are not officers or directors of the plaintiff corporation, nor are they managers or supervisors, nor are they "empowered to exercise discretion in corporate matters[,]" nor do they travel regularly for work. (Berns Decl., ¶¶ 3-4; Semprini Decl., ¶¶ 3-4).  As such, they are hardly "managing agents" for whom attendance would be required in Connecticut.

Accordingly, defendants' Motion to Compel Attendance of Witnesses in Connecticut (Dkt. #37) is denied.[2]

---

[1]Three exhibits were attached: copy of Summary of Insurance (Exh. A); Declaration of Nathan Berns, sworn to November 11, 2014 ["Berns Decl."]; and Declaration of Cindy Semprini, sworn to November 10, 2014 ["Semprini Decl."]

[2]While the Court is not compelling Berns and Semprini to appear for deposition in Connecticut, solely as a practical matter, it might make more sense, for scheduling purposes, for such depositions to be held in Connecticut, in that at least two other depositions will be held here and all counsel already will be here, and discovery closes by the end of this month.