UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br>    *Plaintiff,*<br>    *v.*<br>EMILY C. COASSIN and THOMAS GIBNEY as Co-Trustees of the LAWRENCE P. COASSIN IRREVOCABLE TRUST dated 6/23/1999,<br>    *Defendants.*[1] | Civil No. 3:13cv1520 (JBA)<br><br>May 29, 2015 |

**ORDER ON MOTIONS FOR LEAVE TO FILE UNDER SEAL**

Defendants move [Doc. # 60] for leave to file under seal a number of documents in support of their Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.[2] Because "[a]ny document filed under seal in the absence of a Court order to seal it is subject to unsealing without prior notice to the parties," D. Conn. L. Civ. R. 5(e)3, the Court will consider whether any of the documents filed in support of and in opposition to the motion for summary judgment should remain sealed.

**I.    Discussion**

"[I]t is well established that the public and the press have a qualified First Amendment right to . . . access certain judicial documents," including "documents

---

[1] The Clerk is requested to amend the docket caption as above to reflect the fact that Mr. Hadden is not named as a defendant in the Amended Complaint [Doc. # 14].

[2] The Court notes that Plaintiff sought [Doc. # 24] and was granted [Doc. # 31] leave to file documents containing confidential medical information under seal, in support of its prior motion for summary judgment (which it subsequently withdrew). However, no leave has been sought with regard to documents Plaintiff has filed in support of its current motion for summary judgment.

submitted to a court in support of or in opposition to a motion for summary judgment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 126 (2d Cir. 2006) (internal quotation marks omitted). A "presumption of immediate public access attaches" to such documents, *id.* at 126, which cannot be overcome, "'absent the most compelling reasons,'" *id.* at 123 (emphasis omitted) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). The party resisting disclosure must show "that sealing is necessary to preserve higher values," *id.* at 124, such as "privacy interests," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the court must make "specific, on-the record findings" and issue a sealing order that is "narrowly tailored," *Lugosch*, 435 F.3d at 124.

"In determining the weight to be accorded an assertion of a right to privacy," the Second Circuit has directed district courts to "first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. "Financial records of a wholly owned business, family affairs, illnesses, [and] embarrassing conduct with no public ramifications," for example, "will weigh more heavily against access than conduct affecting a substantial portion of the population." *Id*. The Local Rules of Civil Procedure add that "[a] statute mandating or permitting non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents." D. Conn. L. Civ. R. 5(e)3.

### A. Documents Filed Under Seal by Plaintiff

In support of its motion for summary judgment, Plaintiff has filed the following documents under seal: (1) declaration of Nancy Ford (along with seven exhibits, six of

which Plaintiff has already been granted leave to file under seal[3]) (Ex. A to Pls.' Loc. R. 56(a)1 Stmt [Doc. # 52]), (2) declaration of Nathan Berns (Ex. B to Pls.' 56(a)1), (3) deposition of Nancy Ford (Ex. E to Pls.' 56(a)1), (4) deposition of Nathan Berns (Ex. F to Pls.' 56(a)1), (5) continued deposition of Nathan Berns (Ex. G to Pls.' 56(a)1), (6) deposition of Michelle Palmer (Ex. H to Pls.' 56(a)1), (7) reply declaration of Nathan Berns (with attached medical records) (Ex. A to Reply [Doc. # 64]), (8) declaration of Michelle Palmer (Ex. B to Reply), (9) deposition of Gregory Wolff (Ex. C to Reply), and (10) deposition of Don Kelley (Ex. D to Reply).

Most of these documents contain some discussion of Mr. Coassin's health and medical records, but none (with the exception of Amended Exhibit 5 to Ms. Ford's declaration and Exhibit A to Mr. Berns's reply declaration) consists entirely of such information. Because these documents were filed in support of a motion for summary judgment, a presumption of immediate public access attaches, *see Lugosch*, 435 F.3d at 126, and the only apparent higher value to be served in sealing them is Mr. Coassin's family's privacy interest in information about his health. This is an interest that can be protected, however, with methods short of wholesale sealing. Plaintiff is directed to redact information about Mr. Coassin's health from the documents listed above (with the exception of Amended Exhibit 5 to Ms. Ford's declaration and Exhibit A to Mr. Berns's reply declaration, which shall remain sealed in their entirety) and publicly re-file those documents. The original unredacted documents will remain sealed. Plaintiff is further

---

[3] Publicly accessible redacted versions of most of these exhibits were filed as attachments to the Amended Complaint [Doc. # 14].

directed to file all of the documents listed in Doc. # 52 electronically under seal, as these have been submitted only as hard copies to date.

### B. Defendants' Motion for Leave to File Documents Under Seal

Defendants seek to file the following documents under seal, in support of their opposition to Plaintiff's motion for summary judgment: (1) excerpts of depositions of Nathan Berns (Ex. 10 to Defs.' Loc. R. 56(a)2 Stmt. [Doc. # 63-4]), (2) excerpts of deposition of Dr. Lorenzo Galante (Ex. 11 to Defs.' 56(a)2 [Doc. # 63-5]), (3) excerpts of deposition of Michelle Palmer (Ex. 12 to Defs.' 56(a)2 [Doc. # 63-6]), (4) declaration of Dr. Ronald Hirokawa (Ex. 1 to Defs.' 56(a)2 [Doc. # 63-1], (5) declaration of Dr. Samuel J. Potolicchio (Ex. 2 to Defs.' 56(a)2 [Doc. # 63-2]), (6) declaration of Don Kelley (Ex. 3 to Defs.' 56(a)2 [Doc. # 63-3]), (7) medical records maintained by Dr. Lorenzo Galante (Ex. 13 to Defs.' 56(a)2 [Doc. # 63-7]), (8) medical records maintained by Dr. Ronald Hirokawa (Ex. 14 to Defs.' 56(a)2 [Doc. # 63-8]), (9) medical records maintained by Dr. Patrick McDermott (Ex. 15 to Defs.' 56(a)2 [Doc. # 63-9]), (10) portions of Plaintiff's underwriting guidelines (Ex. 16 to Defs.' 56(a)2 [Doc. # 63-10]), and (11) one page of the application for insurance and several pages of information about the policy (Ex. 17 to Defs.' 56(a)2 [Doc. # 63-11]).

Defendants contend that "[t]he above-referenced documents contain confidential health information of the Decedent and/or confidential business information of Principal" in which "[t]he public has no legitimate interest," and "Principal's counsel supports . . . the relief sought."[4] (Defs.' Mot. for Leave to File under Seal [Doc. # 60] at 2–

---

[4] It is of no moment that Plaintiff consents to Defendants' motion, as Local Rule 5(e)3 provides that "[n]o document shall be sealed merely by stipulation of the parties."

3.) Exhibits 1, 2, 3, 11, 12, 14, and 15 consist wholly or substantially of information about Mr. Coassin's health, and sealing these documents is clearly warranted. Exhibits 10 and 12 include some statements about Mr. Coassin's health but also many statements unrelated to his health. These documents can and should be redacted appropriately and thereafter filed publicly. Exhibit 17 includes one page of Mr. Coassin's application for insurance and several pages of information about the life insurance policy. A redacted version of the application page is already available to the public as an attachment to the Amended Complaint [Doc. # 14] and sealing the original unredacted version is warranted as the document is replete with personal medical information. In the absence of any apparent higher value to be served by sealing information about the life insurance policy, those pages shall be unsealed.

Finally, with regard to Exhibit 16, "Principal has claimed an interest in protecting the privacy of its confidential underwriting guidelines" (*id.* at 3), and the Court is persuaded that this proprietary interest is sufficient to overcome the presumption of public access to documents. The underwriting guidelines "implicate 'sources of business information that might harm [Principal's] competitive standing'" such that sealing them would be appropriate. *Cohen v. Gerson Lehrman Group, Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *3 (S.D.N.Y. Sept. 15, 2011) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

### C. Plaintiff's Motion for Leave to File Complete Deposition of Dr. Potolicchio Under Seal

Finally, Plaintiff moves [Doc. # 70] for leave to file the entire deposition of Dr. Potolicchio under seal, in order to provide context for the excerpts from the deposition

submitted by Defendants. Given the parties' thorough briefing on the motion to dismiss, it is not evident that the Court's analysis will be measurably aided by the addition of Dr. Potolicchio's deposition transcript. Nor is it clear why the entire transcript is necessary to give context to the statements excerpted by Defendants, especially when Plaintiff represents that the relevant testimony is "on the pages immediately preceding or following the cited pages." Therefore, Plaintiff's motion is granted only to give it leave to file the deposition pages immediately preceding or following the pages excerpted by Defendants. However, to the extent Plaintiff seeks to file these pages under seal, the motion is denied without prejudice, as the Court cannot determine whether or not sealing is appropriate without viewing the document, which Plaintiff has not submitted.[5]

---

[5] The Court notes that Defendants have not sought to file the excerpts of Dr. Potolicchio's deposition, attached to the Surreply, under seal. Plaintiff may therefore wish to consult with Defendants regarding whether sealing should be sought.

II.     Conclusion

For the foregoing reasons, Plaintiff is ordered to file redacted versions of all documents listed in Doc. # 52 and all documents filed under seal in Doc. # 63, with the exception of Amended Exhibit 5 to Ms. Ford's declaration and Exhibit A to Mr. Berns's reply declaration, which may remain under seal.  Defendant's Motion [Doc. # 60] for Leave to File Under Seal is GRANTED as to Exhibits 1, 2, 3, 11, 12, 14, 15, and 16 and DENIED as to Exhibit 17 (except as to the application page).  Exhibits 10 and 12 shall be filed in redacted form to shield medical information from public disclosure.  Plaintiff's Motion [Doc. # 70] for Leave to File Under Seal is GRANTED to the extent that Plaintiff may file the pages of Dr. Potolicchio's deposition immediately preceding or following the pages submitted by Defendants, and DENIED without prejudice with respect to Plaintiff's motion to file under seal.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of May, 2015.