UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br>    *Plaintiff*,<br>    *v.*<br>EMILY C. COASSIN and THOMAS GIBNEY as Co-Trustees of the LAWRENCE P. COASSIN IRREVOCABLE TRUST dated 6/23/1999,<br>    *Defendants*. | Civil No. 3:13cv1520 (JBA)<br><br>September 25, 2015 |

**RULING ON DEFENDANTS' JURY DEMAND**

Defendants/Counterclaim Plaintiffs move [Doc. # 86], under Federal Rule of Civil Procedure 6(b), for leave to file a jury trial demand in this case. Plaintiff opposes. For the following reasons, Defendants' motion is denied.

Federal Rule of Civil Procedure 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Plaintiff filed its original complaint on October 16, 2013 [Doc. #1] and its amended complaint on November 22, 2013 [Doc. # 14]. Defendants filed their answer on January 31, 2014 [Doc. # 19]. No party requested a jury trial. On December 31, 2014, Plaintiff moved [Doc. # 51] for summary judgment. Oral argument on that motion was held on June 24, 2015.

During the course of oral argument, the Court referred to "the jury," and counsel for Plaintiff clarified that there was no demand for a jury trial in the case.  Defendants' counsel now asserts that he had been proceeding "under the mistaken belief that such a claim had been filed" and that "he first learned that a jury claim had not been filed" during this discourse. (Mot. for Leave to Serve Jury Demand at 1.) He seeks leave to file a jury demand under Rule 6(b). Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on

motion made after the time has expired if the party failed to act because of excusable neglect."

Under Second Circuit precedent, "mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)."[1] *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (emphasis omitted). "[W]hether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiff maintains that Defendants' counsel's omission was not excusable neglect because "Mr. Schaefer is a seasoned litigator who has been practicing law for more than forty (40) years[,] . . . is well-versed in all aspects of federal practice," and has had ample time to review the pleadings and seek leave to file a jury demand between February 2014 and June 2015. (Opp'n [Doc. # 88] at 7.) Further, Plaintiff asserts that it will suffer prejudice if Defendants are allowed to claim a jury trial after a delay of 17 months, because "[h]ad Principal Life anticipated that this case would be tried by a jury, it would have undertaken discovery differently, including, but not limited to, deposing Mr. Coassin's wife and children, and videotaping many of the other depositions that it did take." (*Id.* at 7–8.) Finally, Plaintiff challenges Defendants' assertion that their delay in seeking a jury trial was in good faith, noting that although Defendants' counsel claims he learned of his omission at oral argument, he waited sixteen days after oral argument to make this motion. (*Id.* at 9.)

---

[1] Plaintiff's contention (*see* Opp'n at 5–6) that Defendants must establish more than mere inadvertence for a motion under Rule 6(b) is unsupported by the caselaw.

2

The record provides no basis for any finding that Defendants acted in bad faith, but it is apparent that Defendants' delay in filing a jury demand was the result of mere neglect rather than any "excusable neglect," within the meaning of Rule 6. On the record before it, the Court finds no reason or circumstance to justify permitting Defendants to file a jury request at this late juncture. Indeed, if deadlines are to have any meaning at all, surely they must apply to prevent a party that has simply forgotten to file a timely jury demand from doing so nearly a year after it is due.

Accordingly, Defendants' motion [Doc. # 86] for leave to file a jury trial demand is DENIED.

                                      IT IS SO ORDERED.

                                      /s/
                                  Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of September, 2015.