UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br>    *Plaintiff*,<br>   *v.*<br>EMILY C. COASSIN and THOMAS GIBNEY as Co-Trustees of the LAWRENCE P. COASSIN IRREVOCABLE TRUST dated 6/23/1999,<br>    *Defendants*. | Civil No. 3:13cv1520 (JBA)<br><br>December 11, 2015 |

**RULING ON MOTIONS IN LIMINE**

Defendants Emily C. Coassin and Thomas Gibney, Co-Trustees of the Lawrence Coassin Irrevocable Trust dated 6/23/1999, move to preclude Plaintiff Principal National Life Insurance Company ("Principal") from introducing at trial: (1) medical records dated after June 2012 [Doc. # 99]; (2) the testimony of Neal Halder [Doc. # 100]; and (3) the testimony of Michelle Palmer regarding whether she would have issued the life insurance policy at issue in this case had she known the true facts about Mr. Coassin's medical history [Doc. # 101]. Oral argument was held on these motions on December 9, 2010. For the following reasons, Defendants' motion [Doc. # 100] in limine regarding Neal Halder is granted in part and denied in part, and their motion [Doc. # 101] in limine regarding Michelle Palmer is granted. Their motion [Doc. # 99] in limine regarding the medical records will remain under advisement pending supplemental submissions by the parties.

**I.    Discussion**

   **A. Neal Halder**

Defendants object to Plaintiff calling Neal Halder as a witness because Mr. Halder, who was Nathan Berns's boss, was not disclosed by Plaintiff in its Rule 26(a) disclosure, nor in a

supplemental 26(e) disclosure. Defendants contend that because Plaintiff failed to disclose Mr. Halder, he should be precluded from testifying.

Under Federal Rule of Civil Procedure 26(a), "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) adds that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37 provides for sanctions for failure to abide by the mandates of Rules 26(a) and (e): "If a party fails to provide information or identify a witness . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The notes to the 1993 Amendment of Rule 37 explain that "[t]his automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." The notes continue: "Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; [or] the failure to list as a trial witness a person so listed by another party. . . ."

Despite the comments' description of the preclusion sanction as "automatic," under Second Circuit precedent, a district court has discretion to apply sanctions short of preclusion even if the court finds that a failure to disclose was prejudicial and without substantial justification. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297–98 (2d Cir. 2006). In exercising their discretion, courts are to consider the following four factors, announced in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), and reiterated in *Design Strategy*:

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Design Strategy*, 469 F.3d at 296 (quoting *Patterson*, 440 F.3d at 117). While a showing of bad faith is not required "in order to exclude evidence pursuant to Rule 37, it can be taken into account." *Id.*

Plaintiff here admits that it did not disclose Mr. Halder, and at oral argument, Plaintiff further conceded that its failure to do so was not substantially justified. Nonetheless, Plaintiff contends that its failure was harmless.

1. **Harmlessness**

Plaintiff stated at oral argument that Mr. Halder's testimony will be offered in part to respond to the following issue raised by the Court in the Ruling on Plaintiff's Motion for Summary Judgment:

> Neither party has submitted any evidence about Principal's past practices with regard to accepting verbal opinions from physicians. Based on the testimony of Mr. Kelley and Mr. Berns, there is at least a genuine issue of disputed material fact as to whether Dr. Potolicchio's opinion would have been accepted.

(Ruling [Doc. # 90] at 16.) Specifically, Plaintiff asserts that Mr. Halder will testify about (among other things) Principal's past practices with regard to accepting the verbal opinions of physicians.

Plaintiff claims that Defendants will suffer no prejudice as a result of its failure to disclose Mr. Halder because it will agree to Defendants deposing Mr. Halder and will fly Mr. Halder in so that Defendants will not have to travel to him. Defendants respond that they will nonetheless be prejudiced by Mr. Halder's testimony because they will need to conduct additional discovery in addition to deposing Mr. Halder.

It is apparent that Defendants will suffer some harm as a result of the late disclosure of Mr. Halder, but because trial has been scheduled for March, Defendants will have three months to conduct any additional discovery necessitated by Plaintiff's disclosure, and thus the amount of prejudice they suffer can be minimized.

### 2. Remaining *Patterson* Factors

The remaining *Patterson* factors favor precluding Mr. Halder's testimony. Plaintiff admits that the first factor, the party's explanation for its failure to comply with the disclosure requirement, favors Defendants. The second factor, the importance of the testimony of the witness, also favors Defendants because as Plaintiff conceded at oral argument, Mr. Halder will not offer any testimony that Mr. Berns could not give himself. Finally, the fourth factor, the possibility of a continuance, favors Defendants because discovery in this case has been closed since December 31, 2014—nearly a year ago, and reopening discovery could well delay the trial of this case. *See Design Strategy*, 469 F.3d at 297 ("[W]eighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for 'approximately one and a half years,' and at the time of the offer of expert testimony there was only a 'short time left before trial.'").

However, the Court believes that the amount of prejudice and the likelihood of needing a continuance can be minimized by limiting the scope of Mr. Halder's testimony. Mr. Halder will be permitted to testify only as to Principal's past practices with regard to accepting the verbal opinions of doctors. Discovery will be reopened for the limited purpose of permitting Defendants to depose Mr. Halder and conduct any additional discovery necessary on the subject of Principal's past practices with regard to accepting the verbal opinions of doctors.

### B. Michelle Palmer

Defendants next contend that Michelle Palmer, the underwriter who issued Mr. Coassin's policy, should be precluded from testifying about what she would have done had she known the true facts about Mr. Coassin's medical history at the time she issued the policy, because such testimony is not relevant. The Court agrees. It is Principal's policy that the original underwriter of a policy, in this case Ms. Palmer, does not conduct the contestability review of that policy. The contestability review here was conducted by Mr. Berns, and therefore, it is Mr. Berns's testimony, and not Mr. Palmer's testimony that is relevant to the question of what Principal would have done had it had the true information. Ms. Palmer had no involvement in the contestability review, and her lay opinion on the ultimate question here is simply not relevant. While Ms. Palmer may not, therefore, testify about whether she would have issued the policy in the first place had Mr. Coassin not made knowing misrepresentations on his application, she may testify about what she did do in issuing the policy and why she did it, Principal's policies, or any other subject about which she has personal knowledge.

### II.   Conclusion

For the foregoing reasons, Defendants' Motion [Doc. # 100] in Limine regarding Neal Halder is GRANTED in part and DENIED in part. Mr. Halder will be permitted to testify, but his

testimony will be limited to describing Principal's past practices with respect to accepting oral opinions of doctors. Defendants' Motion [Doc. # 101] in Limine regarding Michelle Palmer is GRANTED. Ms. Palmer will not be permitted to testify about what she would have done had she known Mr. Coassin's true medical history.

                              IT IS SO ORDERED.

                              /s/
                            Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of December, 2015.