UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,<br>    *Plaintiff*,<br>    *v.*<br>EMILY C. COASSIN and THOMAS GIBNEY as Co-Trustees of the LAWRENCE P. COASSIN IRREVOCABLE TRUST dated 6/23/1999,<br>    *Defendants*. | Civil No. 3:13cv1520 (JBA)<br><br>January 15, 2016 |

**RULING ON MOTION IN LIMINE**

Defendants Emily C. Coassin and Thomas Gibney, Co-Trustees of the Lawrence Coassin Irrevocable Trust dated 6/23/1999, move [Doc. # 99] to preclude Plaintiff Principal National Life Insurance Company ("Principal") from introducing at trial medical records dated after June 2012. Specifically, Defendants objected to Exhibits 9–29, parts of 47, 50, 51, and testimony from Dr. Hirokawa and Plaintiff's proposed witness concerning the medical records, the medical care, or the medical condition of Larry Coassin after early June 2012.

At the pre-trial conference held in open court on December 9, 2015, the Court ruled that the majority of Mr. Coassin's medical records dated after June 2012 are not relevant to the issue before the Court (specifically, whether Principal would have issued Mr. Coassin a policy at the preferred rate in June 2012, knowing what it knew in June 2012), and are not therefore admissible at trial. However, the Court held, and Defendants acknowledged, that records dated after June 2012 which referenced Mr. Coassin's condition during or prior to June 2012 were relevant. Accordingly, the Court instructed Plaintiff to submit to the Court a list of exhibits dated after June 2012 that referenced Mr. Coassin's condition before that date.

Principal filed its supplemental submission [Doc. # 110] on January 6, 2016, and Defendants filed their response [Doc. # 111] on January 13, 2016. In their submission, Principal withdrew Exhibits 19–22, 24–25, and 28–29, leaving Exhibits 9–18, 23, 26–27, 47, 50, and 51 at issue. Although the Court's instruction was to identify only those exhibits dated after June 2012 that referenced Mr. Coassin's health before that date, Principal contends that Exhibits 9–16 and 23, which do not appear to reference Mr. Coassin's health prior to June 2012, are admissible.

The portions of Exhibits 17, 20, and 26 identified by Principal, do however, discuss Mr. Coassin's pre-June 2012 health and are therefore relevant and admissible. The portion of Exhibit 18 identified by Plaintiff is admissible with the exception of the two sentences that discuss the Dix-Hall Pike test which was performed in October 2012. The portion of Exhibit 27 identified by Plaintiff is also admissible with the exception of the final sentence, which discusses Mr. Coassin's health in July 2012.

Accordingly, Defendants' Motion [Doc. # 99] in Limine Regarding Medical Records is GRANTED in part and DENIED in part. No medical records dated after June 2012 will be admitted with the exception of Exhibits 17, 18, 20, 26, and 27 to the extent discussed above.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of January, 2016.